## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | | |
|---|---|---|
| **LEAHBELLE CHILCOATE** | : | |
| 38845 Bayview West | | |
| Selbyville, Delaware 19975 | : | |
| Plaintiff | : | Civil Case No. _____ |
| v. | : | **JURY TRIAL DEMAND** |
| **THE ROOFING EXPERTS, LLC** | : | |
| 339 Buschs Frontage Road | | |
| Suite 201 | : | |
| Annapolis, Maryland 21409 | | |
| (Anne Arundel County) | : | |
| Serve On: | : | |
| Franklin Bessette, Resident Agent | | |
| 1201 Bayview Vista | : | |
| Annapolis, Maryland 21409 | | |
| | : | |
| and | | |
| | : | |
| **MICHAEL ANTHONY MARKEY** | | |
| 2806 Manoff Road | : | |
| Baltimore, Maryland 21227 | | |
| (Baltimore County) | : | |
| Defendants | : | |

## **COMPLAINT**

Plaintiff Leahbelle Chilcoate, by and through her undersigned attorney, Amy L. Taylor, Esquire and Robertson & Robertson, P.A., sues Defendant The Roofing Experts, LLC and Defendant Michael Anthony Markey, related to a rear-end motor vehicle collision that occurred on or about March 12, 2019, in Anne Arundel County, Maryland, and for causes of action against said Defendants states as follows:

## PARTIES

1. Plaintiff Leahbelle Chilcoate (hereinafter "Mrs. Chilcoate") was, at all relevant times, and continues to be a citizen of the United States and adult resident of Selbyville, Sussex County, Delaware.

2. Defendant The Roofing Experts, LLC (hereinafter "Defendant Roofing Experts") upon information and belief, was, at all relevant times, and continues to be, a limited liability company registered in the State of Maryland with its principal office located in Annapolis, Anne Arundel County, Maryland, and which carries on a regular business in many counties throughout the State of Maryland providing services related to residential roof replacement and repairs.

3. Defendant Roofing Experts' agent, servant, or employee, Defendant Michael Anthony Markey, committed tortious action within Anne Arundel County, Maryland while operating a motor vehicle. In addition, Defendant Roofing Experts negligently entrusted a vehicle it owned, leased, or controlled to Defendant Michael Anthony Markey, who negligently caused a motor vehicle collision in such vehicle within Anne Arundel County, Maryland.

4. Defendant Michael Anthony Markey (hereinafter "Defendant Markey"), upon information and belief, was, at all times, and continues to be, a citizen of the United States and an adult resident of Baltimore, Anne Arundel County, Maryland who caused tortious action within Anne Arundel County, Maryland.

## JURISDICTION AND VENUE

5. Pursuant to 28 U.S.C. §1332(a)(1), this Court has original jurisdiction because it is a civil action (motor vehicle personal injury tort claim) where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

## **FACTS COMMON TO ALL COUNTS**

6. On or about March 12, 2019, at approximately 8:48 a.m., Mrs. Chilcoate was safely operating her 2017 Toyota Rav 4 (hereinafter "the Chilcoate vehicle") in a westbound direction on U.S. Route 50 (aka Blue Star Memorial Highway) near the off ramp to M.D. Route 2 (aka Baltimore Annapolis Boulevard).

7. At the same time and place, another driver, Defendant Markey, was operating a 2018 Ford Transit T-350 work van (hereinafter "work van"), for the benefit of and owned by Defendant Roofing Experts and was travelling behind the Chilcoate vehicle on westbound U.S. Route 50.

8. Defendant Markey, traveling too fast, crashed the work van into the rear of the Chilcoate vehicle.

9. Upon impact, Mrs. Chilcoate was thrown violently forward and back again.

10. Mrs. Chilcoate suffered serious and permanent injuries as a result of the rear-end collision.

11. The Chilcoate vehicle sustained severe property damage and was later determined to be a total loss.

12. Defendant Markey was operating the work van owned by Defendant Roofing Experts and for the benefit of Defendant Roofing Experts.

13. Defendant Markey was an agent and/or employee of Defendant Roofing Experts at the time of this rear-end collision and was acting within the scope of his employment and/or agency with Defendant Roofing Experts.

## COUNT ONE – NEGLIGENCE
### Plaintiff v. Both Defendants

14. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 13, *supra,* with the same effect as if fully set forth herein.

15. At all relevant times, Defendant Roofing Experts and Defendant Markey, work van operator, acting as agent and/or employee of Defendant Roofing Experts, owed a duty to Mrs. Chilcoate to operate their work van in a safe and reasonable manner.

16. Defendants breached that duty by, among other things, negligently operating their work van, following too closely, failing to leave a proper distance, travelling too fast for the conditions, failing to properly slow or stop the work van, failing to properly control the vehicle so as to avoid a collision, failing to give full time and attention, being inattentive, and otherwise being negligent.

17. At all times relevant hereto, Defendant Markey was acting as the agent, servant, or employee of Defendant Roofing Experts. As such, Defendant Roofing Experts is vicariously liable for the negligent acts of Defendant Markey and the injuries and damages to Mrs. Chilcoate.

18. As a direct and proximate result of the aforesaid negligent acts of Defendants, Mrs. Chilcoate was caused to suffer permanent injury, pain and suffering, and other economic and non-economic damages including, but not limited to, amounts incurred for medical care and treatment for injuries sustained in the rear-end collision and other damages.

19. Defendants' negligence was a direct and proximate cause of all of the injuries sustained by Mrs. Chilcoate without any want of care on the part of Mrs. Chilcoate contributing thereto.

WHEREFORE, Plaintiff Leahbelle Chilcoate demands judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages together with such other and further relief as this Court may deem just.

### COUNT TWO – AGENCY
### Plaintiff v. Both Defendants

20. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 19, *supra,* with the same effect as if fully set forth herein.

21. At all relevant times, Defendant Markey was acting within the scope of his employment and/or agency with Defendant Roofing Experts.

22. Defendant Roofing Experts had a duty to only allow its work van to be operated by drivers who drove them safely and followed Maryland's traffic safety rules.

23. Defendant Roofing Experts breached its duty by choosing to allow its vehicle to be operated by a driver who did not drive them safely and who did not follow Maryland's traffic safety rules.

24. Defendant Roofing Experts is vicariously liable for the negligence of Defendant Markey.

25. As a direct and proximate result of the aforesaid negligent acts of Defendants, Mrs. Chilcoate was caused to suffer permanent injury, pain and suffering, and other economic and non-economic damages including, but not limited to, amounts incurred for medical care and treatment for injuries sustained in the rear-end collision and other damages.

26. Defendants' negligence was a direct and proximate cause of all of the injuries sustained by Mrs. Chilcoate without any want of care on the part of Mrs. Chilcoate contributing thereto.

WHEREFORE, Plaintiff Leahbelle Chilcoate demands judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages together with such other and further relief as this Court may deem just.

### COUNT THREE – RESPONDEAT SUPERIOR
**Plaintiff v. Both Defendants**

27. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 26, *supra,* with the same effect as if fully set forth herein.

28. At all relevant times, Defendant Markey was employed by Defendant Roofing Experts.

29. Defendant Markey negligently operated their work van, followed too closely, failed to leave a proper distance, travelled too fast for the conditions, failed to properly slow or stop the work van, failed to properly control the vehicle so as to avoid a collision, failed to give full time and attention, was inattentive, and was otherwise negligent.

30. The above described acts of Defendant Moyer were committed within the scope of his employment with Defendant Roofing Experts in that he committed them while driving for Defendant Roofing Experts, in a work van owned by Defendant Roofing Experts, and in furtherance of the interests of Defendant Roofing Experts.

31. As Defendant Markey's employer, Defendant Roofing Experts is responsible for all of the acts committed by and omissions of Defendant Markey within the scope of his employment.

32. As a further direct and proximate result of the aforesaid negligent acts of Defendants, Mrs. Chilcoate will require future medical care and will sustain or incur future economic and non-economic damages.

WHEREFORE, Plaintiff Leahbelle Chilcoate demands judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages together with such other and further relief as this Court may deem just.

### COUNT FOUR – NEGLIGENT ENTRUSTMENT
**Plaintiff v. Both Defendants**

33. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 32, *supra,* with the same effect as if fully set forth herein.

34. On the day of this rear-end collision, the work van being operated by Defendant Markey was being used by Defendant Markey to the benefit of Defendant Roofing Experts.

35. At all relevant times, Defendant Roofing Experts supplied their authorization, permission, and consent for Defendant Markey to use the work van. Due to its size and weight, the work van and its heavy contents, was a dangerous instrument which, if operated negligently, would cause serious harm to other motorists and property.

36. By entrusting the work van, Defendant Roofing Experts owed a duty to the public, including, including Mrs. Chilcoate, to assure that they entrusted the work van to a person in whom such trust was reasonably placed.

37. In breach of its duty, Defendant Roofing Experts negligently supplied and entrusted the work van to Defendant Markey, when it knew, or should have known, that it was likely that Defendant Markey would operate the work van in a negligent, reckless, and unsafe manner which involved an appreciable and unreasonable risk of harm to Mrs. Chilcoate and others.

38. Defendant Roofing Experts knew, or should have known, that Defendant Markey was a dangerous, incompetent, unfit, and reckless driver. Defendant Roofing Experts entrusted Defendant Markey with the work van, with actual knowledge that Defendant Markey had been

7

issued multiple traffic violations and that the vehicle was being operated in a dangerous and unfit condition.

39.     At the time of this rear-end collision, Defendant Markey did operate the work van in such a manner which was negligent and reckless as aforesaid.  As a direct and proximate result thereof, he caused a rear-end motor vehicle collision between the work van and the Chilcoate vehicle.

40.     As a direct and proximate result of the aforesaid negligent acts of Defendants, Mrs. Chilcoate was caused to suffer permanent injury, past and future pain and suffering, and other economic and non-economic damages including, but not limited to, amounts incurred for medical care and treatment for injuries sustained in the occurrence, and other damages.

41.     As a further direct and proximate result of the aforesaid negligent acts of Defendants, Mrs. Chilcoate will require future medical care and will sustain or incur future economic and non-economic damages.

WHEREFORE, Plaintiff Leahbelle Chilcoate demands judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages together with such other and further relief as this Court may deem just.

### COUNT FIVE – NEGLIGENT HIRING, RETENTION, AND SUPERVISION
**Plaintiff v. Both Defendants**

42.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 41, *supra,* with the same effect as if fully set forth herein.

43.     At the time of this rear-end collision, Defendant Markey was acting within the scope of his employment with Defendant Roofing Experts.

44.     Defendant Roofing Experts had a duty to use reasonable care to hire, retain, and supervise an employee who was competent and fit to perform the duties of a work van driver.

45. Defendant had actual knowledge of Defendant Markey's dangerous driving history. A reasonable and prudent employer would not have ignored such indications of Defendant Markey's unfitness for such duties.

46. Defendant Roofing Experts knew, or should have known, that Defendant Markey would be likely to operate the work van in a negligent, reckless, and unsafe manner.

47. Mrs. Chilcoate was a member of the public, operating a vehicle on the roadways who would foreseeably come into contact with Defendant Markey.

48. In breach of its duty, Defendant Roofing Experts negligently supplied and entrusted the work van to Defendant Markey, when it knew, or should have known, that it was likely that Defendant Markey would operate the work van in a negligent, reckless, and unsafe manner which involved an appreciable and unreasonable risk of harm to Mrs. Chilcoate and other members of the public.

49. Defendant Roofing Experts knew, or should have known, that Defendant Markey was a dangerous, incompetent, unfit, and reckless driver. Defendant Roofing Experts entrusted Defendant Markey with the work van, with actual knowledge that Defendant Markey had been issued multiple traffic violations and was not competent or fit for the duties of work van driver.

50. Defendant Roofing Experts breached its duty to use reasonable care to select an employee that was competent and fit for the position of work van driver.

51. At the time of this rear-end collision, Defendant Markey did operate the work van in such a manner which was negligent and reckless as aforesaid. As a direct and proximate result thereof, he caused a rear-end motor vehicle collision between the work van and the Chilcoate vehicle.

52. As a direct and proximate result of the aforesaid negligent acts of Defendants in hiring, retention, and supervision of Defendant Markey, Mrs. Chilcoate was caused to suffer permanent injury, past and future pain and suffering, and other economic and non-economic damages including, but not limited to, amounts incurred for medical care and treatment for injuries sustained in the occurrence, and other damages.

53. As a further direct and proximate result of the aforesaid negligent acts of Defendants, Mrs. Chilcoate will require future medical care and will sustain or incur future economic and non-economic damages.

WHEREFORE, Plaintiff Leahbelle Chilcoate demands judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages together with such other and further relief as this Court may deem just.


March   10  , 2022                              /s/
                                        Amy L. Taylor, Esquire
                                        (Federal Bar #18425)
                                        ROBERTSON &ROBERTSON, P.A.
                                        1205 Pemberton Drive, Suite 104
                                        Salisbury, Maryland 21801
                                        Telephone (410) 749-9111
                                        Facsimile (410) 749-1119
                                        Amy@RobertsonPA.com
                                        *Attorneys for Plaintiff*